supported by substantial evidence. However, petitioner pleaded guilty to the remaining rule violations alleged in the second misbehavior report, i.e., rules 113.22 (7 NYCRR 270.2 [B] [14] [xiii]) and 116.11 (7 NYCRR 270.2 [B] [17] [ii]), and thus his present challenge to those parts of the determination finding that he violated those rules is precluded (*see Matter of Barto v Berbary*, 2 AD3d 1328 [2003]; *Matter of Fuller v Goord*, 299 AD2d 849 [2002], *lv denied* 100 NY2d 531 [2003]). Further, petitioner fails to challenge in his brief the sufficiency of the evidence supporting those parts of the determination finding that he violated the rules alleged in the first misbehavior report, and he has thus abandoned any such challenge (*see Matter of Snider v Goord*, 252 AD2d 988 [1998]). We therefore modify the determination by granting the petition in part and annulling those parts of the determination finding that petitioner violated inmate rules 113.20, 113.23 and 116.13, and we direct respondent to expunge from petitioner's institutional record all references thereto. Although the penalty of 365 days in the special housing unit and 365 days' loss of privileges has already been served, and thus there is no need to remit the matter to respondent for reconsideration of that penalty, there was also a recommended loss of good time and the record does not disclose any relation between the violations and that recommendation. We therefore further modify the determination by vacating that recommendation, and we remit the matter to respondent for reconsideration of the recommended loss of good time (*see Matter of Anderson v Goord*, 280 AD2d 904, 905 [2001]). Present— Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.

■ The People of the State of New York, Respondent, v Jason B. Savery, Appellant. (Appeal No. 1.) [769 NYS2d 442]— Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered January 3, 2002, convicting defendant upon his plea of guilty of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see* Penal Law § 70.30 [1] [e] [ii] [B]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.

■ The People of the State of New York, Respondent, v Jason B. Savery, Appellant. (Appeal No. 2.) [769 NYS2d 442]— Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered January 3, 2002, convicting defendant upon his plea of guilty of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see* Penal Law

§ 70.30 [1] [e] [ii] [B]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON B. SAVERY, Appellant. (Appeal No. 3.) [769 NYS2d 442]— Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered January 3, 2002, convicting defendant upon his plea of guilty of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (see Penal Law § 70.30 [1] [e] [ii] [B]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PENNICK, Appellant. [768 NYS2d 886]—

Appeal from a judgment of Erie County Court (Pietruszka, J.), entered March 18, 2002, convicting defendant upon his plea of guilty of unauthorized use of a vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of unauthorized use of a vehicle in the second degree (Penal Law § 165.06). We agree with defendant that his waiver of the right to appeal is unenforceable (see People v Thaxton, 309 AD2d 1255 [2003]; People v Fehr, 303 AD2d 1039, 1039-1040 [2003], lv denied 100 NY2d 538 [2003]; People v Brown, 296 AD2d 860 [2002], lv denied 98 NY2d 767 [2002]). We conclude, however, that the integrity of the grand jury proceeding was not impaired. In seeking dismissal of the indictment, defendant failed to meet his burden of demonstrating "the existence of defects impairing the integrity of the grand jury proceeding and giving rise to a possibility of prejudice" (People v Santmyer, 255 AD2d 871, 871-872 [1998], lv denied 93 NY2d 902 [1999]; see People v Robertson, 302 AD2d 956, 957-958 [2003], lv denied 100 NY2d 542 [2003]; People v Davis, 294 AD2d 936, 937 [2002], lv denied 98 NY2d 696 [2002]; People v Wood, 291 AD2d 824 [2002], lv denied 98 NY2d 657 [2002]). Although it was error to keep defendant in the presence of a deputy sheriff and handcuffed while he was testifying without a judicial determination and articulation on the record of a rea-